IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HECTOR OMAR SANTOYO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) CIV-05-1253-L |
| v. | ) |
| | ) |
| JUSTIN JONES, Director, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Trafficking in Illegal Drugs entered against him in the District Court of Oklahoma County, Case No. CF-2001-221. Respondent has moved to dismiss the Petition on the ground that the Petition is time-barred by application of 28 U.S.C. § 2244(d), to which Petitioner has responded. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Respondent's Motion to Dismiss the Petition as time-barred be DENIED and that the Petition be DISMISSED without prejudice for failure to exhaust state court remedies.

I. Background

Petitioner was convicted in a jury trial conducted in the District Court of Oklahoma County in Case No. CF-2001-221. He was sentenced, consistent with the jury's assessment

1

of punishment, to life imprisonment.  Petitioner appealed the conviction to the Oklahoma Court of Criminal Appeals ("OCCA").  In his direct appeal, Petitioner contended that (1) there was insufficient evidence of his possession of the illegal drugs to support his conviction; (2) prosecutorial misconduct during the trial deprived him of a fair trial; (3) an unconstitutionally excessive sentence was imposed; and (4) cumulative errors occurring at his trial deprived him of due process.  The OCCA issued a decision on April 21, 2004, in which the appellate court rejected each of these claims and affirmed the conviction and sentence. Brief in Support of Motion to Dismiss, Ex. B (Santoyo v. State, No. F-2002-1038 (Okla. Crim. App. Apr. 21, 2004)(unpublished summary op.)).  During the pendency of his direct appeal, Petitioner filed a request for review of his sentence pursuant to Okla. Stat. tit. 22, § 982(a), which was denied by the district court on November 7, 2002. Brief in Support of Motion to Dismiss, Exs. C, D.  Following his appeal, Petitioner filed a motion for a suspended sentence pursuant to Okla. Stat. tit. 22, § 994 on May 4, 2004, and the motion was denied by the district court on June 22, 2004. Id., Ex. E. On July 12, 2004, Petitioner filed a motion for reconsideration of his motion for suspended sentence pursuant to Okla. Stat. tit. 22, §994. Id., Ex. F.  In an order entered July 28, 2004, Petitioner's motion to reconsider his motion for suspended sentence was denied. Id., Ex. G.

Petitioner filed an application for post-conviction relief in Case No. CF-2001-221 in the district court on July 22, 2005, and the district court denied relief with respect to this application on September 14, 2005. Id., Ex. A.  Petitioner has pending before the OCCA an appeal from the district court's denial of his post-conviction application. Id.

II. Time Limitation for Filing Habeas Petition

Effective April 24, 1996, the statutes governing federal habeas corpus actions for state and federal prisoners were substantially amended by the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214. The AEDPA amends 28 U.S.C. §2244 by adding a one-year period of limitation on the filing of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. §2244(d)(1).

Petitioner filed this Petition on October 28, 2005, and his Petition is therefore governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336(1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996). Under 28 U.S.C. §2244(d)(1)(A), the one-year limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1]  Petitioner's conviction in Case No. F-2001-221 was affirmed by the OCCA on April 21, 2004, and his conviction became "final" for purposes of determining the one-year limitation period under 28 U.S.C. §2244(d)(1)(A) on July 20, 2004, when the time for Petitioner to seek certiorari review from the OCCA's decision to the United States Supreme Court expired.[2]  Locke v. Saffle, 37 F.3d 1269, 1272 (10th Cir. 2001)("Under the statute, a petitioner's conviction is

---

[1] None of the alternative circumstances described in §2244(d)(1) for commencement of the limitations period are applicable to the instant Petition.

[2] See Rule 13.1, Rules of the Supreme Court (applicant for certiorari has 90 days from date of judgment to file petition for writ of certiorari).

not final and the one-year limitation period for filing a federal habeas petition does not begin to run until ...'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'")(quoting Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)); accord, United States v. Burch, 202 F.3d 1274, 1279 (10th Cir. 2000)(§ 2255).  Petitioner therefore had one year from July 20, 2004, to file his federal habeas petition commensurate with 28 U.S.C. §2244(d)(1).   The one-year limitation period expired on July 20, 2005, more than three months before Petitioner filed his federal habeas Petition, absent any applicable tolling mechanism.

The record shows Petitioner filed an application for post-conviction relief in the District Court of Oklahoma County on July 22, 2005.  On its face, the post-conviction application did not toll the limitation period because the limitation period had expired before the post-conviction application was filed.  See Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001).

In response to Respondent's Motion to Dismiss, Petitioner contends that the statutory limitation period was tolled by the filing of his post-conviction application in the district court where he delivered the post-conviction application to prison officials for mailing on July 15, 2005, prior to the expiration of the one-year limitation period.  In support of this assertion, Petitioner provides a copy of a certified mail receipt showing a document was stamped as received on July 15, 2005, for mailing to the Court Clerk for Oklahoma County District Court.  However, the prisoner mailbox rule established in Houston v. Lack, 487 U.S.

266 (1988), does not apply to post-conviction applications filed in Oklahoma. See Hall v. Ward, 117 Fed. App. 18, 2004 WL 2341790 (10th Cir. Oct. 19, 2004)(unpublished op.)(citing Moore v. Gibson, 27 P.3d 483 (Okla. Crim. App. 2001)).  Accordingly, this argument lacks merit.

Petitioner also provides a copy of a stamped return for the same certified mail receipt reflecting that the document was delivered to the Oklahoma County Court Clerk by postal authorities on July 18, 2005.  Petitioner has therefore provided additional evidence of delivery to the state court beyond the file-stamped date on the post-conviction application. Because the limitation period had not yet expired on July 18, 2005, Petitioner's post-conviction application tolled the running of the limitation period under 28 U.S.C. § 2244(d)(2) at least until state court proceedings with respect to the post-conviction application have ended.

Petitioner has not asserted that his post-appeal motion for a suspended sentence filed in the district court on May 4, 2004, is a basis for tolling the one-year limitation period. Respondent strongly urges that the statutory procedure followed by Petitioner to request a suspended sentence is not a "post-conviction or other collateral review" proceeding within the meaning of 28 U.S.C. § 2244(d)(2), which contemplates the tolling of the limitation period for any "post-conviction or other collateral review" proceeding filed by the prisoner within the one-year limitation period.  It is not necessary to reach this issue because Petitioner's post-conviction application was a "properly-filed application" that is sufficient to toll the limitation period.

The Petition is timely filed because the OCCA has not yet resolved Petitioner's post-conviction appeal. Nevertheless, the Petition should be dismissed without prejudice to refiling because Petitioner has not exhausted all of the grounds raised in the Petition.[3] The Petitioner asserts grounds for relief that were raised in Petitioner's direct appeal in grounds one through four of the Petition. State court remedies with respect to these claims have been exhausted. However, in grounds five through eight of the Petition, Petitioner advances claims that he concedes were not raised in the state courts until his post-conviction application. There is no dispute that state court remedies concerning these claims have not been exhausted as an appeal of the district court's denial of his post-conviction application is now pending before the OCCA. Accordingly, because Petitioner has failed to exhaust state court remedies with respect to each of the claims asserted in the Petition, his Petition should be dismissed without prejudice for this reason. 28 U.S.C. §2254(b)(1)(A)("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Anderson v. Harless, 459 U.S. 4 (1982); Rose v. Lundy, 455 U.S. 509 (1982).

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Respondent's Motion to

---

[3] Respondent requests the opportunity to address the exhaustion issue if the Motion to Dismiss the Petition on the ground of timeliness is denied. However, because the exhaustion issue may be resolved on the face of the Petition, the undersigned has reviewed the merits of the issue pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

Dismiss the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. Furthermore, it is recommended that the Petition be DISMISSED without prejudice for failure to exhaust state court remedies. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by   January 17th  , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   28th   day of   December  , 2005.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE