IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HECTOR OMAR SANTOYO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-05-1253-L |
| v. | ) | |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

SUPPLEMENTAL REPORT  AND  RECOMMENDATION

In a previous Report and Recommendation entered by the undersigned in this habeas action brought pursuant to 28 U.S.C. § 2254, the undersigned recommended that the Respondent's Motion to Dismiss the Petition as time-barred be denied and that the Petition be dismissed without prejudice due to Petitioner's failure to exhaust available state court remedies concerning the conviction he is challenging herein.  The record at that time showed that Petitioner raised claims in the habeas Petition that he had not raised in his direct appeal but that he had raised in a post-conviction application.  His post-conviction application had been denied by the trial court, and Petitioner's appeal from the denial of the post-conviction application was then pending before the Oklahoma Court of Criminal Appeals ("OCCA"). The undersigned further found that the Petitioner's post-conviction application operated to toll the running of the 28 U.S.C. § 2244(d) one-year limitation period and that the Petition was timely filed because the Petitioner's post-conviction appeal had not yet been decided.

In the Report and Recommendation entered December 28, 2005, the parties were advised of their right to file an objection to the Report and Recommendation on or before January 17, 2006. Petitioner was granted one extension of time until February 16, 2006, to file an objection to the Report and Recommendation. Neither party timely filed an objection. Petitioner filed a "Notice to the Court" on January 24, 2006, to which he attached a copy of a decision by the OCCA affirming the denial of his post-conviction application. After the time expired for filing an objection, Petitioner filed an objection in which he asserted that the OCCA had rejected his post-conviction appeal, thereby rendering all of his habeas claims exhausted. By Order entered March 2, 2006, District Judge Leonard declined to adopt the Report and Recommendation and recommitted the matter to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) to determine whether Petitioner has now exhausted his state court remedies.

A review of the record reflects that Petitioner has raised eight grounds for habeas relief. In grounds one through four of the Petition, Petitioner raises claims of insufficient evidence to support his conviction for Trafficking in Illegal Drugs entered in the District Court of Oklahoma County, Case No. CF-2001-221, prosecutorial misconduct, excessive sentence unconstitutionally disproportionate to the offense, and cumulative errors denying him due process. These claims were raised and resolved on the merits by the OCCA in Petitioner's direct appeal. In grounds five through eight, Petitioner asserts claims of ineffective assistance of trial counsel (claims five and six), ineffective assistance of appellate counsel, and "actual innocence." Petitioner raised these claims in his post-conviction

application, which was denied by the trial court.  Petitioner appealed this decision, and in an Order entered January 13, 2006, the OCCA affirmed the district court's denial of Petitioner's post-conviction application. Notice to the Court (Doc. #17).

Petitioner has now exhausted his state court remedies concerning all of the claims in his habeas Petition.  Respondent did not object to the findings made by the undersigned in the Report and Recommendation that the Petition has been filed within the limitation period prescribed in 28 U.S.C. § 2244(d)(1) because Petitioner's state court post-conviction application was filed within the applicable one-year limitation period and the post-conviction application tolled the running of the limitation period pursuant to 28 U.S.C. § 2244(d)(2). The undersigned adopts by reference the findings in the Report and Recommendation with respect to the timeliness of the filing of the instant Petition.  Based on those findings, the undersigned recommends that Respondent's Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations be DENIED and that Respondent be directed to respond to the Petition.  This recommendation does not foreclose the assertion in a response to the Petition that one or more of the claims in the Petition are procedurally barred from federal habeas review.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Respondent's Motion to Dismiss (Doc. # 10) be DENIED.  The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by     April 3rd    , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The parties are

further advised that failure to make timely objection to this Supplemental Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___13th___ day of ___March___, 2006.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE